```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

WANDA E. STAFFORD                                            PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:09CV477TSL-FKB

ESTATE OF WADE HART, DECEASED,
JOHN DOE PERSONS A-M, AND JOHN
DOE ENTITIES N-Z                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Wanda E. Stafford has moved for summary judgment in this case, contending that since defendant Estate of Wade Hart failed to timely respond to requests for admissions propounded by plaintiff, then pursuant to Federal Rule of Civil Procedure 36(a), defendant is deemed to have admitted both that "Wade Hart was 100% at fault in causing (the) collision with Plaintiff," and that "the damages suffered by Plaintiff was in the amount of Two Hundred Seventy-Five Thousand One Hundred Ninety-Five Dollars and Fifty-Four Cents In ($275,195.54), plus costs of court and expenses," so that plaintiff is entitled to entry of judgment in her favor as a matter of law.  In response to plaintiff's motion, the Estate acknowledges that it inadvertently failed to respond to the requests for admission, but requests that it be permitted to withdraw its admissions in accordance with Federal Rule of Civil Procedure 36(b).  The court is of the opinion that defendant's

request to withdraw should be granted, and that plaintiff's motion for summary judgment should therefore be denied.

Rule 36 provides that a party may serve any other party written requests for admission of the truth of any matters within the scope of Rule 26(b). Fed. R. Civ. P. 36(a). The matter is deemed admitted unless the party to whom the request is directed serves the requesting party a written answer or objection within thirty days after the service of the request. Id. Further, "[a]ny matter admitted ... is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Rule 36(b) states, in relevant part, that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." "[E]ven when Rule 36(b)'s two-factor test has been satisfied, the district court 'still has discretion to deny a request to withdraw or amend an admission.'" Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, 2 (5th Cir. March 6, 2007) (quoting In re Carney, 258 F.3d 415, 419 (5th Cir. 2001)). In the case at bar, the court is satisfied that the conditions for withdrawal of a deemed admission have been met. It is clear both that the presentation of the merits of the action will be served by allowing the withdrawal, and that plaintiff will suffer no

cognizable prejudice by allowing withdrawal.  In fact, the only prejudice plaintiff suggests she would suffer if the court were to allow the admissions to be withdrawn is "expenses, including, but not limited to, deposing various individuals, and having to further litigate this matter."  This is not the kind of prejudice contemplated by Rule 36(b).  See Le, 2007 WL 715260, 2 (observing that "courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission," and that the prejudice standard under the rule does "not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions") (citations omitted).

Accordingly, it is ordered that defendant's admissions are hereby withdrawn; defendant shall have ten days from entry of this order to respond to plaintiff's requests for admissions.  It is further ordered that plaintiff's motion for summary judgment is denied.

SO ORDERED this 14th day of April, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE